UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| BRAD BOLTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:12-CR-101-TAV-CCS-14 |
| | ) | 3:16-CV-229-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# **MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 779]. The petition relies at least in part on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. On February 11, 2016, Federal Defender Services of Eastern Tennessee ("FDSET") was appointed for the limited purpose of reviewing the case to determine whether or not Petitioner is eligible for collateral relief based on the *Johnson* decision. *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016). Consistent with that appointment, FDSET filed a supplement in support of Petitioner's pro se request on June 28, 2016 [Doc. 787]. The United States responded in opposition on July 28, 2016 [Doc. 789]; FDSET filed a reply in turn [Doc. 790]. Petitioner has since submitted a pro se reply to the United States' response [Doc. 798] and supplement to his original pro se petition [Doc. 802-2]. Also before the Court are requests for an extension of time to file the pro se reply and leave to file the proposed supplement [Docs. 793, 802], as well as requests from the United States and FDSET that the case be held in abeyance until the parties have an opportunity to brief the

issues [Docs. 784, 786].  For the reasons below, Petitioner's pro se request for an extension [Doc. 793] will be **GRANTED nunc pro tunc** and request for leave to supplement [Doc. 802] will be **GRANTED**.  The United States' and FDSET's requests to hold the action in abeyance [Docs. 784, 786] will be **DENIED as moot**.  Petitioner's supplemented § 2255 motion [Docs. 779, 787, 802-2] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.   BACKGROUND

In 2014, Petitioner pled guilty to conspiring to distribute at least 280 grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) [Doc. 476], which carried a statutory penalty of ten years to life imprisonment [Presentence Investigation Report (PSR) ¶ 99].  He "knowingly and voluntarily waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255," with the exception of claims asserting ineffective assistance of counsel or prosecutorial misconduct unknown to him at the time of sentencing [Doc. 476 ¶ 10(b)].

Based on prior Tennessee convictions for selling cocaine [PSR ¶ 53] and facilitating robbery [*Id.* ¶ 61], the United States Probation Office deemed Petitioner to be a career offender under Section 4B1.1 of the United States Sentencing Guidelines with a corresponding Guideline range of 262 to 327 months' imprisonment [*Id.* ¶¶ 34, 100].  On September 10, 2014, this Court sentenced Petitioner to 262 months' imprisonment followed by five years' supervised release [Doc. 651].  Petitioner appealed, but the Sixth Circuit dismissed the appeal based on the knowing and voluntary waiver contained in Petitioner's plea agreement [Doc. 733].  The United States Supreme Court denied Petitioner's request for a writ of certiorari on October 22, 2015 [Doc. 754].

2

Less than one year later—on May 9, 2016, Petitioner filed the instant collateral challenge.

## II.   TIMELINESS OF PETITIONER'S CLAIMS

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f).  For purposes of the subsection (f)(1)—where the statutory period expires one year from the date on which the judgment of conviction becomes final—"a conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)).  Where a defendant pursues direct review through to a petition for certiorari in the United States Supreme Court, direct review concludes when the Supreme Court either denies the petition for certiorari or decides the case.  *Clay v. United States*, 537 U.S. 522, 532 (2003).  The Supreme Court denied Petitioner's request for a writ of certiorari on October 22, 2015 and the one-year statute of limitations under subsection (f)(1) began to run on that date.  The instant petition

was submitted well within the permissible one-year window for requesting timely collateral relief.

## III. RESOLUTION OF NON-DISPOSITIVE MOTIONS

This Court is in possession of numerous non-dispositive motions, including: Petitioner's request for an extension of time to file a pro se reply to the United States' response [Doc. 793]; the United States' and FDSET's motions to defer proceedings until the parties have had an opportunity to fully brief the issues [Docs. 784, 786], and Petitioner request for leave to supplement his § 2255 petition with a request for reduction under Amendment 794 [Doc. 802].

After Petitioner submitted his request for an extension of time, but before this Court was able to address that motion, Petitioner submitted his pro se reply [Doc. 798]. In light of this development, the request will be **GRANTED nunc pro tunc** and the Court will consider arguments contained in the pro se reply so far as they comport with Local Rules 7.1 and 7.2. Similarly, in the period after the parties submitted requests to hold the case in abeyance, FDSET filed a supplement in support, the United States responded in opposition, and both FDSET and Petitioner filed replies to that response [Docs. 787, 789, 790, 798]. Because the issues have now been fully briefed, this Court finds that it is no longer necessary to hold the case in abeyance pending the same. Both requests for deferral [Docs. 784, 786] will be **DENIED as moot**. The motion to supplement the original petition with a request for a "minor role" reduction [Doc. 802] will be **GRANTED**.

## IV. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## V. ANALYSIS

Petitioner asserts four arguments in support of collateral relief: (1) the *Johnson* decision removed facilitation of robbery from Section 4B1.2's definition of "crime of violence" and, without that conviction, he lacks sufficient predicate offenses for career offender enhancement (Ground One); (2) trial counsel rendered ineffective assistance by failing to challenge his career offender enhancement at the sentencing hearing (Ground Two); (3) appellate counsel rendered constitutionally deficient assistance by failing to appeal the denial of Petitioner's motion to dismiss the indictment (Ground Three) [Docs. 779, 780]; and (4) entitlement to a reduction in sentence based on Amendment 794 to the United States

Sentencing Guidelines (Ground Four) [Doc. 802-2].[1] The United States opposes Ground One for three reasons: Petitioner waived the right to collaterally challenge his sentence in his plea agreement; the new "rule" created by extension of the *Johnson* decision to the Guideline context has not been "made" retroactively applicable to cases on collateral review; and facilitation of robbery remains a crime of violence under the Guidelines use-of-physical-force clause [Doc. 789].[2] The United States opposes Grounds Two and Three because Petitioner has failed to establish that prejudice resulted from counsel's failure to raise the proposed objections [*Id.*]. The United States has not responded to Ground Four.

---

[1] The Court has reordered Petitioner's arguments to facilitate logical resolution and combined two of those arguments—the argument that Petitioner is no longer a career offender after the *Johnson* decision and argument that his Guideline range was improperly calculated as a result of the same—into a single *Johnson*-based challenge to the sentence imposed.

[2] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in the *Johnson* decision. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

## A. Ground One: Challenge to Sentence in Light of the *Johnson* Decision

It is well established that an informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable. *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999); *United States v. McGlivery*, 403 F.3d 361, 363 (6th Cir. 2005). The Sixth Circuit recently held that the same is true even where that waiver prevents a petitioner from challenging his base offense level or career offender enhancement based on the *Johnson* decision. *See In re Garner*, No. 16-1655, 2016 WL 6471761, at *1–2 (6th Cir. Nov. 2, 2016) (denying leave to file a successive petition challenging career offender enhancement based on the *Johnson* decision where defendant voluntarily waived his right to raise collateral challenges).

In an attempt to avoid dismissal, Petitioner points to *United States v. McBride*, 826 F.3d 293 (6th Cir. 2016), in which the Sixth Circuit declined to hold that stipulating to career offender designation in a plea agreement resulted in forfeiture of the right to subsequently challenge that enhancement based on the *Johnson* decision [Doc. 790 p. 1]. Essentially, Petitioner asks the Court to finds that he, like Mr. McBride, "could not have intentionally relinquished a claim based on [a decision] . . . decided after his sentencing." 826 F.3d at 295 [*Id.*]. Petitioner's reliance on the *McBride* decision is misplaced because, as Judge Sutton explained in *In re Garner*, "the defendant[] in [that case] did not sign [a] plea agreement[] with provisions waiving [his] appellate and collateral review rights." 2016 WL 6471761, at *2.

"The Federal Rules of Criminal Procedure give the parties ample room to tailor plea agreements to different needs—whether they are the right to appeal, the right to benefit from

7

future changes in the law or other concerns that the defendant . . . may have." *United States v. Bradley*, 400 F.3d 459, 466 (6th Cir. 2005). For purposes of the instant case, Petitioner "knowingly and voluntarily" waived his right to collaterally challenge his sentence with the exception of cases which involve claims of ineffective assistance or prosecutorial misconduct [Doc. 476 ¶ 10(b)]. The fact that subsequent "developments in the law [have] expand[ed] [Petitioner's forfeited] right [of collateral review] . . . does not suddenly make [his] plea involuntary or unknowing or otherwise undo its binding nature." *United States v. McGlivery*, 403 F.3d 361, 363 (6th Cir. 2005). In light of the binding nature of Petitioner's wavier, the instant § 2255 motion will be dismissed. *Accord United States v. Avery*, No. 3:16-cv-2, 2016 WL 7467967, at *4–6 (S.D. Ohio Dec. 28, 2016) (denying *Johnson*-based challenge based on pre-*Johnson* waiver); *United States v. Strauss*, No. 16-cv-11397, 2016 WL 68733398, at *2–3 (E.D. Mich. Nov. 2, 2016) (same); *United States v. Muller*, No. 16-cv-20009, 2016 WL 6892268, at *2–3 (E.D. Mich. Nov. 2, 2016) (same).[3]

## B. Grounds Two and Three: Ineffective Assistance of Counsel

A petitioner alleging ineffective assistance must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). First, the petitioner must establish, by

---

[3] While this Court recognizes that it has repeatedly stated that it is "far from clear" that waiver of the right to collaterally challenge a sentence can be enforced to bar challenges based on the *Johnson* decision, *Mefford v. United States*, No. 3:15-cv-575, 2016 WL 1737094, at *1, n. 1 (E.D. Tenn. May 2, 2016); *Cox v. United States*, No. 3:15-cv-362, 2016 WL 552350, at *1, n. 1 (E.D. Tenn. Feb. 10, 2016); *Nance v. United States*, 3:15-cv-387, 2016 WL 527193, at *1, n. 1 (E.D. Tenn. Feb. 9, 2016), each of those cases alleged improper categorization under the ACCA. Unlike mistaken enhancement under the ACCA, improper career offender or base offense level enhancement does not result in a sentence "in excess of the maximum authorized by law." *See, e.g.*, *United States v. Thompson*, No. 3:06-cr-56, 2008 WL 6506506, at *14 (W.D. Ky. Nov. 7, 2008) (explaining that knowing and voluntary waivers are enforceable so longs as they do not result in a miscarriage of justice and that a miscarriage of justice arises where the sentence imposed exceeds the statutory maximum permissible).

identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id.*, as measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel's assistance is presumed to have been effective, and the petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy" (internal citation omitted)).

Second, the petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). If a petitioner fails to prove that he sustained prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant a new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

Petitioner asserts two theories of ineffective assistance: (1) trial counsel rendered constitutionally deficient assistance by failing to challenge Petitioner's career offender

9

designation and failing "to prepare for [the] sentencing properly by not arguing with proper case law to defend his client" [Doc. 780 p. 5]; and (2) appellate counsel rendered ineffective assistance when he failed to challenge denial of Petitioner's motion to dismiss on appeal [*Id.* at 12–17 (saying the indictment should have been dismissed based because the deputy in charge of his investigation never took the proper oaths)].[4]  Both fail as a matter of law.

Petitioner's suggestion that trial counsel failed to provide effective representation fails for two reasons.  Nowhere in his filings does Petitioner identify the one or more arguments that he claims counsel should have raised but did not [*See generally* Docs. 779, 780, 798, 802-2].  Absent factual development Petitioner's assertion amounts to nothing more than a legal conclusion, which falls short of what is required to establish an entitlement to collateral relief.  *See Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) (explaining that where "claims are stated in the form of conclusions without any allegations of fact in support thereof," a § 2255 motion is "legally insufficient to sustain review"); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("Conclusions, not substantiated by allegations of fact with some probability of veracity, are not sufficient to warrant a hearing.").  Further, to the extent that Petitioner suggests that counsel should have mounted an objection in anticipation of the *Johnson* decision, this Court disagrees.  *See, e.g.*, *Green v. Johnson*, 116

---

[4]  To the extent that Petitioner attempts to assert a novel claim of ineffective assistance in his pro se reply to the United States response [Doc. 798 p. 7 (suggesting trial counsel was ineffective for failing to "negotiate" the amount of drugs for which Petitioner was held responsible in his plea agreement)], the Court notes that the scope of such a reply is limited to rebuttal of arguments raised in the response.  *See* E.D. Tenn. L. R. 7.1 (explaining that replies must directly reply to the points and authorities in the United States' answer).  Because replies are not the proper vehicle for asserting novel grounds for relief, the Court declines to address the improperly raised claim.

10

F.3d 1115, 1125 (5th Cir. 1997) ("[T]here is no general duty on the part of defense counsel to anticipate changes in the law."); *Alcorn v. Smith*, 781 F.2d 58, 62 (6th Cir. 1986) (noting non-egregious "errors such as failure to perceive or anticipate a change in the law . . . cannot be considered ineffective assistance of counsel").

The argument that appellate counsel rendered constitutionally deficient assistance by failing to challenge denial of Petitioner's motion to dismiss on appeal fails as well. While defendants are constitutionally entitled to effective assistance of counsel during appeals of right, *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008), the *Strickland* performance standard does not require the attorney raise every non-frivolous issue. *Caver v. Straub*, 349 F.3d 340, 348 (6th Cir. 2003). Indeed, the process of "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail . . . is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)). As a result, it is difficult to prove that an attorney violated the performance prong by presenting one argument on appeal rather than another, *Robbins*, 528 U.S. at 289, and any petitioner attempting to do so "must demonstrate that the issue not presented 'was clearly stronger than issues that counsel did present.'" *Caver*, 349 F.3d at 348 (quoting *Robbins*, 538 U.S. at 289). Petitioner has not done so.

While the decision of whether to appeal rests solely with a criminal defendant, subsequent decisions about which issues to raise on appeal rest with counsel, who is better suited to estimate the probability of success on any given argument. *Barnes*, 463 U.S. at 751. Counsel identified the issues he believed represented Petitioner's best chance to avoid

11

waiver-based dismissible and succeed on the merits. Petitioner has not identified any "clearly stronger" claim and counsel's professional judgment is not rendered constitutional deficient simply because Petitioner would prefer some other issue have been raised. *See Coleman v. Mitchell*, 268 F.2d 417, 430–31 (6th Cir. 2001) (declining to find counsel ineffective for refusing to appeal every conceivable issue).

### C. Ground Four: "Minor Role" Reduction Under Amendment 794

To the extent that Petitioner seeks a "minor role" reduction under Amendment 794—which provides that courts should consider whether a defendant is "substantially less culpable than the average participant in criminal activity" when deciding whether to grant the same a reduction under the United States Sentencing Guidelines, U.S. Sentencing Manual App. C., amend 794 ("The fact that the defendant performs an essential or indispensable role in the criminal activity is not determinative.")—in light of the fact that he "stood to benefit . . . so little" from his participation in the criminal conspiracy, the Court declines to grant such a reduction for two reasons.

First, subsequent changes to the Guidelines are only cognizable in the context of a motion under 18 U.S.C. § 3582(c)(2). *See United States v. Carter*, 500 F.3d 486, 491 (6th Cir. 2007) (explaining that challenges to the propriety of an original sentence are cognizable only under § 2255, while claims for a lesser sentence based on later changes to the Guidelines must be filed under § 3582(c)). As such, it would be improper for this Court to grant the request under § 2255.

Second, even if Petitioner's request were construed in part to be a motion under § 3582(c)(2), he would remain ineligible for the "minor role" reduction because the Sentencing Commission has not designated Amendment 794 as retroactive. *See generally* U.S. Sentencing Manual § 1B1.10(d).[5]  Absent such designation, granting the reduction would contravene the Sentencing Commission's policy statements. *See United States v. Dullen*, 15 F.3d 68, 70 (6th Cir. 1994) (holding that, for a sentence to be reduced pursuant to § 3582(c)(2) because of an amendment to the Guidelines, the amendment must be listed in § 1B1.10 as being retroactive).

## IV. CONCLUSION

For the reasons discussed above, Petitioner's pro se request for an extension [Doc. 793] will be **GRANTED nunc pro tunc** and request for leave to supplement the original petition with a request for reduction under Amendment 794 [Doc. 802] will be **GRANTED**. The United States' and FDSET's requests to hold the action in abeyance pending full briefing of the issues [Docs. 784, 786] will be **DENIED as moot**. Petitioner's supplemented § 2255 motion [Docs. 779, 787, 802-2] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate

---

[5] Petitioner cites *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), in support of the argument that Amendment 794 should be applied to his case [Doc. 802-2 pp. 3–4]. The decision is unpersuasive. *Quintero-Leyva* held only that Amendment 794 "applies restoratively in direct appeals." *Id.* at 521. The decision is silent with regard to whether the same applies retroactively on collateral review. Even if it did, this Court is not located in the Ninth Circuit.

Procedure.  Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER ACCORDINGLY.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE